[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16338
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20234-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMAURY VILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 21, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Amaury Villa appeals his 140-month sentence after pleading guilty to one

count of conspiracy to sell stolen goods in violation of 18 U.S.C. § 371 and one

count of possession of stolen goods in violation of 18 U.S.C § 2315.  He raises two arguments, both for the first time, on appeal.  First, he argues that the district court improperly relied on conclusory statements in his presentence investigation report in attributing a loss of $80,000,000 to him for the purposes of his guidelines calculation.  Second, he argues that the district court's decision to impose consecutive sentences was based on an incorrect reading of his criminal history.  After careful consideration, we reject both of these arguments and affirm.

We review issues raised for the first time on appeal for plain error only.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  We cannot correct an error that the defendant failed to raise before the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."  Id. (quotation omitted).  If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation omitted).  Error is plain when it is clear under current law.  United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993).

A defendant's offense level for property crimes may be increased based on the amount of the loss of the stolen property involved in the offense.  United States Sentencing Guidelines § 2B1.1.  Because loss is often not calculable with precision, we require that the district court make only a "reasonable estimate" of

2

the loss amount.  United States v. Medina, 485 F.3d 1291, 1304 (11th Cir. 2007).

When a defendant challenges the loss amount provided in his PSI, the government

bears the burden of establishing the loss by a preponderance of the evidence, and

the district court must make factual findings sufficient to support the attributed

amount.  United States v. Liss, 265 F.3d 1220, 1230 (11th Cir. 2001).  However,

when a defendant does not object, a court may properly rely on undisputed

statements of loss in the PSI, even when those statements are conclusory.  United

States v. Hedges, 175 F.3d 1312, 1315 (11th Cir. 1999).

Villa's PSI stated that he was responsible for approximately $80,000,000

worth of pharmaceuticals stolen from an Eli Lilly warehouse and recovered from

five different storage units under his control.  Villa raised no objection to the loss

amount at sentencing, and therefore the district court did not plainly err by relying

on the undisputed statement of loss in the PSI.  See United States v. Beckles, 565

F.3d 832, 844 (11th Cir. 2009) ("Indeed, the defendant's failure to object to

conclusory statements in the PSI renders those statements undisputed and permits

the sentencing court to rely upon them without error even if there is an absence of

supporting evidence.").

Neither did the district court plainly err in imposing consecutive sentences.

When a defendant is convicted on multiple counts, and the advisory guidelines

range is higher than the statutory maximum for any of the counts individually, the

3

Sentencing Guidelines advise the court to impose consecutive sentences to the extent required to reach the guidelines sentence. USSG § 5G1.2(d). Here, the district court calculated an advisory guidelines range of 140 to 175 months based in part on its finding that Villa's criminal history category was V. Because the advisory guidelines range was higher than the statutory maximum for either of the counts to which he pleaded guilty, the district court properly imposed sentences of 60 and 80 months to run consecutively. Beyond that, contrary to Villa's argument here, the district court did not rely on clearly erroneous information in calculating his criminal history category because his PSI reflects prior convictions resulting in 10 criminal history points pursuant to USSG § 4A1.1.

For these reasons, we find no reversible error and affirm.

**AFFIRMED.**